PER CURIAM.
These consolidated disciplinary proceedings are before the Court for consideration of a referee’s report. Neither party has filed a petition for review.
In Case No. 69,935, the referee recommended that respondent be found guilty of professional misconduct on two of the counts of The Florida Bar’s complaint, based on the following findings of fact:

Case No. 69,935 (TFB No. 8513W-13A): Count I

Respondent, through his employment at the Family Legal Centers of Chawk and Associates, P.A., was retained by George Richeal, Jr. to represent Mr. Ri-cheal on a careless driving charge. At their initial consultation on November 8, 1984, Mr. Richeal told respondent that his next court date was November 27, 1984 and that the case was set for trial on that date.
On November 19, 1984, Mr. Richeal delivered a check in the amount of $125.00 to respondent. At that time a discussion was held as to whether or not Mr. Richeal would need to be present for court on November 27, 1984. Respondent told Mr. Richeal that he would not need to be in court. Respondent told Mr. Richeal that he would be filing a motion for continuance of the November 27, 1984 court date. The motion was prepared and delivered to respondent’s secretary, but the motion was never filed with the Court. Respondent took no steps to insure that the motion for continuance had, in fact, been filed.
On November 27,1984, Mr. Richeal did show up for traffic court, but respondent did not appear. Since no motion for continuance had been filed, Mr. Richeal was forced to proceed to trial on the careless driving charge without being represented by respondent. If Mr. Richeal had not shown up for court on November 27, 1984 it is very likely that a capias would have been issued for his arrest.
Respondent cannot abdicate to his secretary the duty of assuring that a motion for continuance is both filed and granted. It was incumbent upon respondent to insure that his motion for continuance was in fact granted.

*833
Case No. 69,935 (TFB No. 8513531-13A); Count II

On or about January 28, 1985, Jules Jensen retained Family Legal Centers of Chawk & Associates, P.A. to submit final mortgage payments and obtain a satisfaction of a second mortgage on property being purchased from Joseph and Joyce Sposito. Respondent represented Mr. Jensen. Jules Jensen testified that he emphasized to the respondent during the initial conference the problems he was having with the Spositos. He was quite concerned about paying off the second mortgage because he found the Spositos untrustworthy. The respondent informed Mr. Jensen that he should not [be] concerned because there were ways to take care of problems of that type. Respondent testified that he was informed by a Chawk Legal Services manager that they did not accept funds into trust accounts in matters of this type, and he did not investigate other means to protect his client’s interests. Without further conferring with Mr. Jensen, respondent mailed the Jensens’ check for $2,050.00, which constituted the balance of the second mortgage, directly to the Spositos in California enclosed a request that the Spositos execute the Satisfaction of Mortgage and return it to the respondent for recording. The Spositos cashed the check but did not return the Satisfaction of Mortgage. Shortly thereafter, Mr. Hart left the employment of Family Legal Services and the representation of the [Jensens] was undertaken by Jerry M. Nelson, also an attorney with Family Legal Centers of Chawk and Associates. A letter sent by Mr. Nelson to the Sposi-tos requesting that they return the properly executed Satisfaction of Mortgage was returned by the post office as addressee unknown. Within approximately four (4) months following payoff of the second mortgage, an attorney was successful in acquiring the Satisfaction of Mortgage.
Based on the testimony, it is clear that the primary, if not sole reason, for which Mr. Jensen sought out the assistance of an attorney at Family Legal Centers was his concern that his interest be protected when he submitted the balance of the second mortgage. Respondent did not take the proper steps to protect Mr. Jensen’s interests, but simply mailed the check to the Spositos and asked them to execute the mortgage.
On the third count in Case No. 69,935 and in Case No. 69,991, the referee recited the facts as shown by the evidence and recommended that respondent be found not guilty of the charged misconduct.
On count one of Case No. 69,935, the referee recommended that respondent be found guilty of violating Disciplinary Rule 6-101(A)(3) (neglect of a legal matter) of the former Florida Bar Code of Professional Responsibility. On count two, the referee recommended that respondent be found guilty of violating Disciplinary Rules 6-101(A)(l) (undertaking representation one is not competent to provide) and 6-101(A)(2) (handling a legal matter without adequate preparation).
The referee recommended that respondent receive a public reprimand. We approve the referee’s report and hereby reprimand attorney Halton J. Hart.
The costs attributable to counts one and two of Case No. 69,935 are taxed against the respondent. Judgment is entered against Halton J. Hart for costs in the amount of $2,575.72, for which sum let execution issue.
It is so ordered.
MCDONALD, C.J., and OVERTON, EHRLICH, SHAW, BARKETT, GRIMES and KOGAN, JJ., concur.